IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-112-BO

| | | |
|---|---|---|
| EDWARD ANDERSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JASON JORDAN, CITY OF WILMINGTON, | ) | |
| NORTH CAROLINA, JOHN STAPLETON, | ) | |
| FISHER AND PHILLIPS LLP and WASTE | ) | |
| MANAGEMENT OF CAROLINAS, INC., | ) | |
|     Defendants. | ) | |

This matter is before the Court on several motions: plaintiff's motion for extension of time [DE 6], plaintiff's motion for service by publication [DE 7], defendants Fisher and Phillips, LLP and John Stapleton's motion to dismiss and motion for judgment on the pleadings [DE 18], defendant City of Wilmington's motion to dismiss [DE 22], defendant Waste Management of Carolinas' motion to dismiss [DE 27], defendant Jason Jordan's motion to dismiss [DE 33], plaintiff's motion to strike defendants Fisher and Phillips, LLP and John Stapleton's memorandum in support of their motion, as well as John Stapleton's affidavit [DE 39], plaintiff's motion to strike defendant Waste Management of Carolinas' memorandum in support of its motion [DE 45], plaintiff's motion for leave to file a surreply [DE 52], plaintiff's motion for leave to file an amended surreply [DE 59], and plaintiff's motions for hearing [DE 55; DE 57]. The matters are ripe for ruling.

## BACKGROUND

In 2014, plaintiff was employed by defendant Waste Management of Carolinas, Inc., as a garbage truck driver. While driving in the early morning of June 2, 2014, plaintiff reached the

1

scene of a vehicle crash. According to plaintiff, after he was waved through the scene by law enforcement, defendant Jason Jordan, a fireman with defendant City of Wilmington, followed him in a City of Wilmington Fire Department vehicle and made plaintiff stop on the road. Then, defendant Jordan blocked him from leaving, yelled at him, and threatened him. A state trooper arrived at the scene. At this point, plaintiff informed defendant Jordan and the state trooper that he planned to file a complaint against defendant Jordan and the City of Wilmington for violating his civil rights.

Defendant Jordan and the City of Wilmington contacted plaintiff's employer, defendant Waste Management of Carolinas, Inc., about the incident. According to plaintiff, Jordan, the City of Wilmington, and Waste Management then agreed together to claim that plaintiff was stopped for speeding.

Plaintiff was terminated by Waste Management on July 14, 2014. On July 21, 2014, he filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging he was terminated for discriminatory reasons. Defendant Fisher and Phillips, LLP, a law firm, and specifically defendant John Stapleton, an attorney with the firm, drafted Waste Management's position statement to the EEOC, denying discrimination charges. In this statement, a footnote referenced the dispute between plaintiff and the City of Wilmington, describing it as a contested speeding ticket, and stating that the City had contacted Waste Management seeking information from the DriveCam in plaintiff's vehicle.

The EEOC declined to act on plaintiff's discrimination claim, and informed him of his right to sue on October 17, 2014. On January 16, 2015, plaintiff filed suit in this court against his employer, Waste Management, and three Waste Management employees, alleging claims under Title VII, 42 U.S.C. § 1981, and common law wrongful discharge. Plaintiff's suit was dismissed

in part for failing to state a claim and in part for failing to effect proper service. *Anderson v. Waste Management of Wilmington, et al*, 7:17-CV-14-FL (E.D.N.C. March 28, 2016) [DE 37].

On May 30, 2017, plaintiff filed the instant lawsuit. This suit is specifically focused on the June 2 incident, alleging first that defendant Jordan violated his rights, and that Jordan and the rest of the defendants conspired to violate his rights. Specifically, plaintiff alleges one count of assault against defendant Jordan, one count of false imprisonment against defendant Jordan and the City of Wilmington, 42 U.S.C. § 1983 violations against defendant Jordan and the City of Wilmington, a violation of what plaintiff cites as N.C.G.S. § 58-156, but appears to be a reference to North Carolina's exceptions to the general right-of-way rules of the road for emergency vehicles, respondeat superior claims against the City of Wilmington as defendant Jordan's employer, and 42 U.S.C. § 1985 conspiracy claims against all defendants.

All defendants have moved to dismiss these claims on the basis of insufficient service of process. Plaintiff's former employer, Waste Management, has moved to dismiss for failing to state a claim upon which relief can be granted. Fisher and Phillips, LLP, and John Stapleton have also moved to dismiss for failing to state a claim upon which relief can be granted and, alternatively, judgment on the pleadings. Plaintiff also filed several procedural motions.

DISCUSSION

At the outset, the Court notes that plaintiff is proceeding *pro se*. As such, the Court construes his allegations liberally. *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). That liberality does not convert a meritless suit into a meritorious one merely because the plaintiff does not have an attorney. *See Brown v. Brock*, 632 Fed. Appx. 744, 746 (4th Cir. 2015). Nor does it free plaintiff from the constraints of Rule 11 of the Federal Rules of Civil Procedure.

3

I.    12(b)(5) Motions

Rule 4 of the Federal Rules of Civil Procedure governs how to effect service. Fed. R. Civ. P. 4. A defendant may move to dismiss a claim when there is insufficient service of process. Fed. R. Civ. P. 12(b)(5). If a defendant challenges the service of process, the plaintiff bears the burden of showing it was proper. *See Plant Genetic Systems, N.V., v. Ciba Seeds*, 933 F.Supp. 519, 526 (M.D.N.C. 1996). A defendant knowing about a lawsuit, or moving to dismiss it, does not mean a plaintiff effected proper service. *Pitts v. O'Geary*, 914 F. Supp. 2d 729, 734 (E.D.N.C. 2012).

Rule 4(m)

Defendant Jordan moved to dismiss under Rule 12(b)(5) on the grounds that plaintiff did not serve him in time as required by Rule 4(m). Rule 4(m) of the Federal Rules of Civil Procedure requires plaintiffs to serve the summons and complaint on a defendant within 90 days of filing. It's generally preferable that issues be decided on their merits, not dismissed on technicalities. *Tores v. Oakland Scavenger Co.*, 487 U.S. 312, 316-17 (1988). But unless a plaintiff shows good cause for missing Rule 4(m)'s deadline, failure to comply will result in dismissal of plaintiff's case. Fed. R. Civ. P. 4(m). When an extension is not requested until after the time period expires, a plaintiff must also show excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is not easily demonstrated. *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996). The Federal Rules of Civil Procedure still apply to *pro se* parties. *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-52 (1984).

In this case, plaintiff has not demonstrated either good cause or excusable neglect such that his failure to effect proper service may be excused. Apart from emphasizing that he is *pro se*, plaintiff has not explained why, even if his series of allegations regarding serving defendant Jordan are accurate, he did not request an extension with this Court until after the deadline had

4

passed. This is not a demonstration of excusable neglect. Additionally, plaintiff's behavior indicates that his failure is not excusable in part because he has not acted in good faith. *See* [DE 54-1]. Plaintiff's ignorance of the rules does not make them disappear. Plaintiff did not comply with the Rules of Civil Procedure and did not properly serve defendant Jordan, and for that reason defendant Jordan's motion to dismiss on that ground is granted.

Plaintiff also moved for leave to file a surreply and amended surreply in response to defendant Jordan's motions. The Local Civil Rules for the Eastern District of North Carolina only provide for the filing of a motion, a response to a motion, and a reply. *See* Local Civil Rule 7.1. When fairness requires it, the Court may provide for an exception. *Jefferson v. Biogen Idec Inc.*, 2012 WL 3629219 (E.D.N.C. Aug. 22, 2012). No exception is appropriate here. Plaintiff's motion is denied.

<u>Rule 4(j)</u>

The City of Wilmington has also moved to dismiss plaintiff's complaint on the grounds that service was insufficient. In North Carolina, service on a municipality may be effected by serving its chief executive officer or the city's mayor, city manager or clerk. Fed. R. Civ. P. 4(j)(2); N.C. R. Civ. P. 4(j)(5)(a). This list is exclusive, and service on anyone else is insufficient to confer jurisdiction. Plaintiff had 90 days after filing to serve one of these persons. Instead, plaintiff delivered a copy of the complaint and the summons to Heather Willis, an employee in the City Attorney's office, on September 15, 2017, 108 days after filing suit. [DE 8]. This is not in compliance with Rule 4(j), and so defendant has moved to dismiss plaintiff's claims.

In his opposition to defendant's motion to dismiss, plaintiff appears to claim that he also effected service through certified mail, though every aspect of this assertion is unclear, including who plaintiff mailed the complaint and summons to and when that person received it. Several

5

mail receipts, some of which predate the filing of this lawsuit, are attached to various filings by plaintiff. [DE 40-2, DE 40-3; DE 40-4; DE 41; DE 42]. These opaque attachments are not enough for plaintiff to sustain his burden of demonstrating proper service, which is his alone to show. For that reason, defendant Wilmington's motion to dismiss is granted. Because defendant Wilmington's motion is granted, plaintiff's motion for hearing is denied.

Defendants Waste Management, Fisher and Phillips, LLP and Stapleton also moved to dismiss under Rule 12(b)(5), but as their Rule 12(b)(6) motions are granted below, a discussion is unnecessary.

II. <u>12b6 Motions</u>

John Stapleton, Fisher and Phillips, LLP and Waste Management have moved to dismiss the single claim asserted against them pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The complaint must plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer

6

more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Although the Court must construe the complaint of a *pro se* plaintiff liberally, such a complaint must still allege "facts sufficient to state all the elements of [her] claim" in order to survive a motion to dismiss. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents attached to the complaint, as well as those attached to the motion to dismiss so long as they are integral to the complaint and authentic. Fed. R. Civ. P. 10(c); *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). A court ruling on a motion to dismiss under Rule 12(b)(6) may also properly take judicial notice of matters of public record. *Sec'y of State for Defence*, 484 F.3d at 705.

Fisher and Phillips, LLP and Stapleton

First, plaintiff's claim against defendants Fisher and Phillips, LLP and Stapleton is dismissed because he has not alleged facts such that his claim is facially plausible. Plaintiff has made one claim against these defendants. He has alleged that they conspired to deprive him of the equal protection of the law or the equal privileges and immunities under the law, as prescribed by 42 U.S.C. § 1985. The elements are "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury

7

to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016). In order to allege conspiracy under § 1985, a plaintiff must plead specific facts that underpin each of these elements in a nonconclusory fashion. *Gooden v. Howard County, Md.*, 954 F.2d 960, 970 (4th Cir. 1992).

Plaintiff's conspiracy allegations are nothing more than unwarranted inferences and unreasonable conclusions, and so must be dismissed. He has also not alleged a discriminatory animus, which is a legal element of a § 1985 conspiracy claim.

The entirety of plaintiff's claim, taken at face value, is that after he was improperly detained by defendant Jordan, he and the other defendants, including Stapleton and Fisher and Phillips, LLP, agreed to misrepresent what happened in that interaction. After agreeing to this, Fisher and Phillips, LLP, and an attorney employed there, John Stapleton, included this misrepresentation in their response to a separate EEOC complaint plaintiff filed only against his employer, Waste Management, and his supervisors. In this response, defendants discussed plaintiff's history with and eventual termination from Waste Management, but in a footnote, they characterized plaintiff's interaction with defendant Jordan as a result of his speeding. [DE 17-1 at 4]. According to plaintiff, this was untrue, defendants knew it was untrue, defendants agreed with the other defendants to claim it in order to violate his rights, and he was harmed by the falsehood. Plaintiff provides nothing to substantiate this allegation.

Therefore, the Court holds that plaintiff has not alleged facts to indicate the presence of class-based animus by defendants Stapleton or Fisher and Phillips, LLP. Plaintiff has not alleged any facts that would indicate defendants intended to deprive him of any rights. Plaintiff has not alleged facts to show how he has been injured by the footnote in the Position Statement to the

EEOC beyond simply describing the footnote as "libel" and "defamation." [DE 38-1 at 10]. And as plaintiff has not pled facts to show any injury, he has also not alleged facts to connect any injury to any act by defendants. Defendants' motion to dismiss is granted.

Waste Management

Plaintiff's former employer, Waste Management of Carolinas, Inc., has also moved to dismiss the complaint for failing to state a claim. For the below reasons, that dismissal is also granted. Like defendants Stapleton and Fisher and Phillips, LLP, plaintiff has alleged a civil conspiracy claim under § 1985, but has not substantiated the claim.

Plaintiff has not argued facts to plausibly support a claim that defendant Waste Management agreed in concert with defendants to infringe on plaintiff's rights. Nor has he alleged that Waste Management conspired based on discriminatory animus. This is a mandatory element of a § 1985 conspiracy claim. As plaintiff himself acknowledges in his response to Waste Management's motion, "it appears on the surface that plaintiff . . . has failed to allege the requisite elements of a claim for conspiracy." [DE 47 at 9]. Instead, he presents the legal conclusion, and asks for discovery to find evidence of that conclusion. But *some* threshold showing must be made to proceed to discovery, and plaintiff has made none. For that reason, defendant Waste Management's motion to dismiss for failure to state a claim is granted. As the motion to dismiss is granted, plaintiff's motion for hearing [DE 57] is denied.

III.     Motions to Strike

Plaintiff has also moved to strike part of defendant Waste Management's memorandum in support of its motion to dismiss, defendant Stapleton's affidavit and defendants Stapleton and Fisher and Phillips, LLP's memorandum in support of their motion to dismiss. Though it is a disfavored remedy, parties may move to strike pleadings. Fed. R. Civ. P. 12(f); *Waste*

9

*Management Holdings, Inc. v. Gilmore*, 252 F.3d 316 (4th Cir. 2001). An affidavit or memorandum in support of a motion to dismiss is not a pleading. *See* Fed. R. Civ. P. 7(a). Even if these documents were subject to a Rule 12(f) motion, plaintiff has not established that they are "redundant, immaterial, impertinent or scandalous." Fed. R. Civ. P. 12(f). Plaintiff's motions [DE 39, 45] are denied.

## CONCLUSION

For the above reasons, defendant Jordan's motion to dismiss [DE 33] is GRANTED. Defendant City of Wilmington's motion to dismiss [DE 22] is GRANTED. Defendant Waste Management's motion to dismiss [DE 27] is GRANTED. Defendants Fisher and Phillips, LLP and John Stapleton's motion to dismiss [DE 18] is GRANTED. Plaintiff's motion for extension of time [DE 6], motion for service by publication [DE 7], motions to strike [DE 39, DE 45], motions for leave to file surreplies [DE 52, 59], and motions for hearing [DE 55, 57] are DENIED.

SO ORDERED, this 24 day of May, 2018.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE